IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CASSANDRA YOUNGER                                                    PETITIONER

VS.                                             CIVIL ACTION NO  3:08cv157-DPJ-FKB

STATE OF MISSISSIPPI                                                RESPONDENT


## **REPORT AND RECOMMENDATION**


    This cause is before the court on the petition for a writ of habeas corpus filed by

Cassandra Younger, a state prisoner.  Having considered the petition, the response, the

reply, and relevant portions of the state court record, the undersigned recommends that

habeas relief be denied and the petition be dismissed with prejudice.

    Cassandra Younger was convicted of the murder of Tasha Colbert by a Hinds

County Circuit Court jury and sentenced to life in prison.  She appealed to the Mississippi

Supreme Court, raising three interrelated issues: (I) That her right to a fair trial was

compromised by the trial court's failure to admonish and instruct the jury not to possess or

use cell phones during their deliberations and its failure to investigate potential juror

misconduct; (II) that the trial court erred in denying Younger's post-trial motions, which

were based upon the possible juror misconduct; and (III) that the trial court erred in failing

to declare a mistrial when defense counsel raised concerns about the jurors' possession

of cell phones.  The supreme court denied the first and third of these issues as

procedurally barred.  It denied the second on the merits. Thereafter, Younger raised

these same issues in an application for post conviction relief.  Relief was denied on the

basis that the claims had previously been considered on direct appeal.

Younger then filed the present petition for federal habeas relief, raising the following grounds:

    I.    She was denied her right to a fair trial because of the following trial court errors:

        A.    The trial court failed to admonish the jury against the use of cellular telephones or portable communication devices during the course of the trial or deliberations.

        B.    The trial court failed to investigate jury misconduct or exposure of the jury to external influences.

        C.    The trial court failed to declare a mistrial *sua sponte* when it was apprised of the potential that the jury had been tainted or exposed to external influence.

    II.    The trial court abused its discretion by denying Younger's motion for a new trial and motion for judgment notwithstanding the verdict.

The essential factual allegations of Younger's petition are as follows.  As the jury was returning from deliberations to the jury box to deliver the verdict, Younger's attorney noticed a cell phone attached to the belt of a juror later determined to be the foreman. Defense counsel states that the phone caught her eye because it lit up, indicating the juror was receiving a call, as he took his seat in the jury box.   She alleges that after the verdict was announced, she brought the juror's possession of the cell phone to the attention of the court at a bench conference and that the judge informed her that jury members were allowed to have cell phones with them in the jury room.  However, the bench conference was not made a part of the record, and defense counsel failed to make any objection or statement on the record regarding the cell phone issue.  The court then entered judgment on the verdict and sentenced Younger.

2

After trial, defense counsel hired a private investigator who interviewed some of the jurors.  According to Younger, the investigator learned that several of the jurors had possessed cell phones in the jury room.  Younger then filed a motion for a new trial or judgment notwithstanding the verdict, raising the cell phone issue.  At the hearing on the motions, defense counsel called the investigator to the stand to testify about his interviews.  When the trial judge realized that defense counsel had initiated interviews with the jurors without first obtaining permission from the court, he refused to allow the investigator to testify.  He likewise refused to allow defense counsel to make a proffer. The court denied the motions.

On appeal, the Mississippi Supreme Court rejected the claims enumerated in Ground One of the present petition as procedurally barred. Specifically, the court noted that Younger's counsel had failed to object to the jury instructions and had failed to raise on the record at trial the issue of possible juror misconduct.

Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).    A procedural rule is "adequate" if it is regularly and consistently applied.  *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); *see also Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995) ("An `adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority

3

of similar claims").   A state procedural rule is presumed to be adequate when the state court expressly relies upon it in denying collateral relief.  *Lott v. Hargett*, 80 F.3d 161, 65 (5th Cir. 1996); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Younger argues in her reply that the state supreme court erred in relying upon the contemporaneous objection rule to bar these claims.  Younger has steadfastly maintained throughout all the post-trial proceedings that her attorney did in fact raise the issue at trial and objected to the presence of the cell phones.  Thus, she claims that the basis of the Supreme Court's invocation of the procedural bar is "simply factually untrue."

Younger's argument misses the point of the state appellate court's holding on these claims.  The state court decision was based primarily not upon a factual finding that Younger had failed to raise the issue in any manner at trial.  Rather, it was based upon Younger's failure to make a contemporaneous objection or otherwise preserve *on the record* the fact that she brought the issue to the court's attention.  It is undisputed that the trial record contains nothing to indicate that Younger raised this issue at trial.  Thus, Younger has failed to show that the contemporaneous objection procedural bar was inadequate to support the supreme court's  rejection of these claims.  Neither has she made any showing as to cause for her defaults,[1] actual prejudice as a result of the

---

[1]Younger  states in her reply to the state's answer that if the claims are indeed procedurally barred, then she concedes ineffective assistance of counsel.  It is unclear from this single statement whether Younger is attempting to argue cause for the default in an attempt to avoid the procedural bar.  In any event, Younger cannot rely on ineffective assistance for this purpose, because she has failed to raise and exhaust in state court a claim for ineffective assistance.  *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (claim of ineffective assistance must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

alleged constitutional violations, or that failure to address the merits of these claims will result in a miscarriage of justice.  Accordingly, the undersigned concludes that the state court's holding that these claims were procedurally barred precludes this court's consideration of their merits.

Ground Two of the petition was previously presented to and adjudicated on the merits by the state court on direct appeal within the meaning of 28 U.S.C. § 2254(d).  It is therefore subject to the highly deferential standard of review set forth in 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.*  A state court decision is "contrary to" clearly established Supreme Court precedent if it applies a rule that contradicts governing law or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result which differs from Supreme Court precedent.  *Williams v. Taylor*, 529 U.S. 362, 406 (2000).   On the other hand, the "unreasonable application" clause governs where the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of a prisoner's case.  *Id.* at 407-08.  Moreover, state court findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Because Ground II involves a mixed question of fact and law, it is properly analyzed under the "unreasonable application" clause.  *See  Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001)

5

(mixed questions of law and fact are reviewed under § 2254(d)(1)).

The Supreme Court has repeatedly emphasized that "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (quoting *Williams*, 529 U.S. at 411).  Rather, the application must be not only incorrect, but also "objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409).   Where a federal habeas court concludes that a constitutional violation did occur, it must go on to ask whether any arguments supported, or *could have supported*, the state court's rejection of the claim, and whether it is possible that fairminded jurists could disagree as to whether the state court's decision is inconsistent with a prior United States Supreme Court decision. *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Habeas relief is available only where the petitioner establishes "that the state court's ruling on the claim being presented in federal court  was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

In Ground II, Younger contends that the trial court erred when it refused to allow her to put on evidence regarding the fact that the jurors had cell phones in the jury room. In considering this claim on appeal, the Mississippi Supreme Court did not focus its attention on the actual reasons for the trial court's refusal.  Rather, the appellate court concluded that denial of the motions could not constitute an abuse of discretion because

the issues raised in the motions had been defaulted at trial.  The court acknowledged Younger's contention that she had indeed brought the matter to the trial judge's attention, but rejected it because of the lack of support in the record for this contention.

Younger's position, however, is that the state supreme court's logic was flawed because even though she had failed to object on the record at trial, the trial judge *knew* that she had raised the issue at the bench conference and should therefore have considered her evidence and granted her post-trial motions.  In light of this argument, the undersigned concludes that the issue, properly framed, is whether Younger had a constitutional right to a new trial based upon the fact that jurors possessed cell phones during the trial and, particularly, in the jury room during deliberations.  It is beyond cavil that due process requires that a defendant be tried by an impartial jury free from outside influences.  *KPNX Broadcasting Co. v. Arizona Superior Court*, 459 U.S. 1302, 1306 (1982) (citing *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966)).  But Younger has failed to identify any clearly established United States Supreme Court law indicating that due process is violated by the jurors' *ability* to communicate with the outside world or by the mere *possibility* of outside influence.  Nor has she shown that any clearly established Supreme Court law would have required the trial judge in the present case  to hear testimony or conduct an investigation as to whether any jurors actually engaged in any outside communications about Younger's case during the trial.   For these reasons, it cannot be said that Mississippi Supreme Court's rejection of this claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter* at 786-87.  Therefore, this

court has no authority to grant relief on Ground Two of the petition.

For these reasons, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.  The  parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of February, 2011.


/s/ F/ Keith Ball
UNITED STATES MAGISTRATE JUDGE

8