UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CASSANDRA YOUNGER                                                                    PETITIONER

V.                                                               CIVIL ACTION NO. 3:08CV157-DPJ-FKB

STATE OF MISSISSIPPI                                                                 RESPONDENT

ORDER

This cause came on this date to be heard upon the Report and Recommendation of the United States Magistrate Judge, after referral of hearing by this Court. Magistrate Judge F. Keith Ball recommended dismissal of Cassandra Younger's petition for writ of habeas corpus. Younger filed Objections, and the State of Mississippi filed its reply. The Court, having fully reviewed the Report and Recommendation of the United States Magistrate Judge and related briefing, agrees that Younger's petition is due to be dismissed.

Petitioner Cassandra Younger was convicted of murder in the Circuit Court of Hinds County, Mississippi in April 2004. Younger asserted two grounds in her federal petition for writ of habeas corpus, both of which stemmed from jurors' possession of cell phones in the jury room.

In ground one, Younger claimed that she was denied her right to a fair trial based on the trial court's alleged failure to admonish the jury, investigate possible misconduct, and declare a mistrial *sua sponte*. Judge Ball noted that the Mississippi Supreme Court found these claims were procedurally barred because Younger's counsel did not object to the jury instructions and failed to raise *on the record* the issue of possible juror misconduct. Because the state court found the claims procedurally barred, this Court is precluded from considering the merits of those claims. In her Objections, Younger insists that the Court should "allow her an evidentiary

hearing notwithstanding the application of the state court's procedural bar rule." Objection at 6-7. But, she fails to present grounds sufficient to overcome the state procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (finding petitioner must demonstrate cause for default and actual prejudice, or that a fundamental miscarriage of justice would result, to overcome the bar).

In ground two, Younger alleged that the trial court abused its discretion by denying her motion for a new trial and motion for judgment notwithstanding the verdict. On appeal, the Mississippi Supreme Court concluded that denial of the motion did not constitute an abuse of discretion because the issue raised had been defaulted at trial. Specifically, the court held:

> During a hearing on her post-trial motions for a new trial and judgment notwithstanding the verdict, Younger called upon a private detective to testify as to the possible possession of cell phones by jurors during Younger's trial. The circuit judge refused to allow the private detective to testify and denied Younger's motions. The circuit judge's reasons for refusing to allow the detective to testify are of no consequence because Younger attempted to bring an issue on a post-trial motion that she failed to raise at the trial court level. Such attempts are barred. . . . Because the record does not reflect Younger's attempts to raise the issue of juror misconduct at the circuit court level, we do not find that the circuit judge abused his discretion by denying Younger's post-trial motions that were based on her allegations concerning the jury.

*Younger v. Mississippi*, 931 So. 2d 1289, 1291 (Miss. 2006).

Federal courts sitting in habeas review of a petitioner's state-court conviction "presume that there is no independent and adequate state ground for a state court decision" when that "decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman*, 501 U.S. at 734–35 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)). But under *Coleman*, only two categories of state-court decisions are

entitled to such a presumption—those in which the court clearly rested its analysis on federal law and those in which the court's judgment was interwoven with federal law.  *Id.* at 739.  Confronting a state-court judgment that made "no mention of federal law," the *Coleman* Court held that the state court's "three sentence dismissal order" was entitled to a presumption that it rested "primarily on *state law*."  *Id.* at 740 (emphasis added).

There is no indication that the Mississippi Supreme Court looked to federal law in considering ground two of Younger's petition.  The language of the opinion is imprecise, but it appears the Mississippi Supreme Court's decision rested on state law, specifically Younger's failure to raise the issue on the record at the trial level, and the court did not reach the merits of any federal constitutional claim.  Accordingly, ground two of the petition, like ground one, was found procedurally barred, and this Court is precluded from considering the merits of the claim.

To the extent the Mississippi Supreme Court's opinion can be read as an adjudication on the merits, as interpreted by Judge Ball, the Court adopts Judge Ball's finding that Younger failed to identify any clearly established United States Supreme Court law indicating that due process is violated by the jurors' ability to communicate by cell phone or by the mere possibility of outside influence.[1]

---

[1] In her Objection, Younger cites to *Remmer v. United States*, 347 U.S. 227 (1954), but it is important to note that Younger did not ask the trial court to question jurors under oath in conjunction with the subject post-trial motions.  Instead, she sought to present the testimony of an investigator.  Based on her proffer to this Court, that investigator would have testified that jurors possessed cell phones during deliberation and may have used those cell phones.  Younger has not suggested that the jury was sequestered, and conspicuously absent from Younger's allegations is any indication that the investigator found that the presence of cell phones resulted in jury taint.

In sum, the Court has considered Younger's Objections and finds that the Report and Recommendation should be adopted as the finding of the Court.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE